UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| PRISCILA GUARDADO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,<br><br>Respondents. | Case No. 5:26-cv-04661-DTB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

**I.**

**PROCEEDINGS**

On August 13, 2026, petitioner Priscila Guardado ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1).

/ / /

/ / /

/ / /

/ / /

/ / /

The Petition alleges the following claims for habeas relief: (1) Petitioner's detention violates her right to procedural due process under the Fifth Amendment; (2) Petitioner's detention violates her right to substantive due process under the Fifth Amendment and (3) Petitioner's detention violates the Administrative Procedures Act. (Docket No. 1 at 6).[1]

On August 24, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 5 at 2, 5), Respondents filed an Answer to the Petition ("Answer") (Docket No. 10), with three exhibits (Docket No. 10-1). In the Answer, Respondents allege that Petitioner is presently "properly detained" following her release from state prison after serving a sentence on a conviction for vehicular manslaughter while intoxicated, but also acknowledge that Petitioner appears to be entitled to an initial bond hearing pursuant to Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026) ("Rodriguez Vazquez"). (Docket No. 10 at 2-3 ["Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, [183 F.4th 1160] (9th Cir. 2026)[.]"]). In the Answer, Respondents also state that: "[T]o the extent a bond hearing is nonetheless affirmatively ordered here, any such order should be consistent with what Courts in this District have generally ordered in similar cases prior to the *Rodriguez Vasquez* decision, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days. Should the Court enter relief, judgment may be entered immediately, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will then be necessary in this matter." (Id.).

Petitioner did not file a Reply.

/ / /

---

[1] For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

Thus, this matter is now ready for decision. For the reasons set forth herein, the Court grants the Petition.

## II.

## BACKGROUND[2]

Respondent alleges that Petitioner is a citizen of El Salvador who entered the United States unlawfully and without inspection, at a unknown place and on an unknown date. (Docket No. 10-1 at 4). Petitioner alleges that she was previously detained and released by ICE in 1999, and that she was free from immigration custody for 27 years until she was re-detained by ICE on August 7, 2026. (Petition at 6).

On August 4, 2026, the California Department of Corrections and Rehabilitation - California Institution for Women State Prison ("CIW") in Corona, California, notified San Bernardino Enforcement and Removal Operations ("ERO") that Petitioner was scheduled to be paroled from their facility on August 7, 2026, after being incarcerated due to her conviction in the Superior Court of California for the offense of California Penal Code § 191.5(a), Gross Vehicular Manslaughter While Intoxicated. (Docket No. 10-1 at 4).

On August 7, 2026, ERO San Bernardino conducted an in-person interview at CIW with Petitioner prior to taking her into custody. (Id.). During the voluntarily interview, Petitioner stated she is a national and citizen of El Salvador who entered the United States Illegally on a date and time she does not remember. (Id.). Petitioner also confirmed that her parents are citizens of El Salvador and have no status in the United States. (Id.). CIW then released Petitioner into ERO San Bernardino custody. (Id.). Petitioner was transported to San Bernardino ERO for processing without incident. (Id.). ERO San Bernardino processed Petitioner for

---

[2] The Petition provides few facts regarding Petitioner's factual background. Therefore, the Court distills the background facts from both the Petition and the the Answer.

removal and served her with a Notice to Appear (Form I-862), pursuant to Section 212 (a)(6)(A)(i) of the Immigration and Nationality Act, as amended. (Id.).

Petitioner is being detained at the Adelanto ICE Processing Center in Adelanto, California. (See https://locator.ice.gov/odls/#/results).

**III.**

**LEGAL AUTHORITY**

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

Here, Petitioner has raised claims under the Due Process Clause of the Fifth Amendment, which prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const., amend. V. These protections extend to noncitizens present in the United States. See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (*per curiam*) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks

omitted)); Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and brackets omitted)). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process ...." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). Indeed, the Due Process Clause provides both procedural and substantive protections. See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process." (internal quotation marks omitted)). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)). Under Matthews, courts weigh the following three factors: (1) "[T]he private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests

within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.”).

## IV.

## DISCUSSION

### A. Habeas Relief is Warranted in the Form of a Bond Hearing.

Petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a). (See Answer at 2). Section 1226(a), the “default detention statute for noncitizens in removal proceedings,” Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023), provides that “[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed to the United States.” 8 U.S.C. § 1226(a).

As noted, Respondents assert that Petitioner appears to be entitled to receive an initial bond hearing pursuant to Rodriguez Vasquez. (Id. at 2-3). The Court in Rodriguez Vasquez confirmed, *inter alia*, that the detention of noncitizens pursuant to Section 1226(a) (such as Petitioner) is discretionary, allowing for their release on bond pending removal proceedings. Rodriguez Vasquez,183 F.4th at 1167. As such, on this record, the Court finds that Petitioner’s continued detention without a bond hearing violates 8 U.S.C. § 1226(a) and Petitioner’s right to due process.

Therefore, the Petition is granted, and Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge consistent with all applicable statutory requirements and agency regulations, pursuant to 8 U.S.C § 1226(a).[3]

/ / /

/ / /

/ / /

---

[3] The Court’s determination that Petitioner is entitled to habeas relief on this claim renders it unnecessary for the Court to address the other claims alleged in the Petition.

## V.

## ORDER

For the foregoing reasons, the Court GRANTS the Petition.

IT THEREFORE IS ORDERED that Judgment be entered: (1) Granting the Petition; (2) ordering Respondents to provide Petitioner Priscila Guardado (A# 094-306-589) with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), as well as 8 C.F.R. §§ 1003.19 and 1236.1[4] within seven (7) days of the date of this Order; (3) ordering Respondents to provide the immigration judge conducting the bond hearing with a copy of this Order; (4) ordering Respondents to release Petitioner from custody within eight (8) days following the date of this Order if Petitioner has not been provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a); and (5) ordering Respondents to file a status report within two (2) business days of the date of Petitioner's bond hearing or the date of Petitioner's release, attesting to Respondents' compliance with this Order.

DATED: September 15, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

---

[4] The immigration judge must exercise his or her discretion to make a determination about whether to release Petitioner on bond based on relevant factors, including, but not limited to, criminal history, immigration history, manner of entry, whether fixed residence, length of residence, family ties, employment history, and compliance with prior orders. See Matter of Guerra, 241 I. & N. Dec. 37, 40 (BIA 2006). In addition, the immigration judge must provide the reasons for the decision orally or in writing. See 8 C.F.R. § 1003.19(f).